**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

PUERTO RICO ENGINEERING AND    \*
DISTRIBUTORS CO. (PREDCO)       \*
                                \*
    Plaintiff                 \*
                                \*
v.                              \*   **Civil No. 07-1756(SEC)**
                                \*
CHEMINEER INC., et al           \*
                                \*
    Defendants                \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPINION & ORDER**

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint (Docket # 3), Plaintiff's opposition thereto (Docket # 6), and Defendant's reply (Docket # 9). After examining the parties' filings and the applicable law, Defendant's motion to dismiss will be **GRANTED**.

**Factual and Procedural Background**

Plaintiff, Puerto Rico Engineering and Distributors, Corp. (hereinafter PREDCO), is a corporation dedicated to selling and distributing high technology and industrial supplies. See, Docket # 1, ¶ 2. From 1987 to 2005, it was under a contract with the Defendant, Chemineer, Inc (hereinafter Chemineer), pursuant to which it sold the latter's products in Puerto Rico. See, Docket # 1, ¶¶ 5-7. PREDCO filed the instant complaint claiming that, in 2005, PREDCO terminated their contract without just cause, in breach of their contract and of Puerto Rico Act 21 of Dec. 5, 1990 (hereinafter Act 21). Docket # 1, ¶¶ 1, 10, 15 & 17. Therefore, they seek monetary relief under Act 21.

**Standard of Review**

The First Circuit construes a motion to dismiss premised on a forum selection clause "as one alleging failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 387 (1st Cir. 2001)(hereinafter Britannica); Lambert v. Kysar, 983 F.2d 1110, 1112 n.1 (1st Cir. 1993)(hereinafter Lambert). To survive a Rule 12(b)(6) motion, Plaintiff's "well-pleaded facts must possess enough heft

to show that [it is] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008). In evaluating whether Plaintiff is so entitled, the Court must accept as true all of its "well-pleaded facts [and indulge] all reasonable inferences therefrom." Id. However, Plaintiff must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Id. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008). Therefore, "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008).

In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999).  Moreover, Courts "will not accept a complainant's unsupported conclusions or interpretations of law." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

**Applicable Law and Analysis**

As a rule, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore, Co., 407 U.S. 1, 10 (1972). See, Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 591(1991); Silva, 239 F.3d at 385; Outek Caribbean Dist., Inc. v. Echo, Inc., 206 F. Supp. 2d 263 (D.P.R. 2002)(hereinafter Outek); Caribe BMW v. Bayerische Motoren Werke Aktiengesellschaft, 821 F. Supp. 802, 817 (D.P.R. 1993). As such, a forum selection clause is enforceable unless "enforcement would be unreasonable and unjust or . . . the clause [is] invalid for such reasons as fraud and

**Civil Case No. 07-1756**                                                                                              3

overreaching." Id. at 15. The party seeking non-enforcement of the forum selection clause has the burden of proof. Id.; Royal Bed & Spring Co., Inc. v. Famossul Industria E Comercio De Moveis LTDA., 906 F.2d 45, 49 (1st Cir. 1990).

Upon examining the applicable case law, some of the factors to consider in deciding whether the enforcement of a forum selection clause is warranted are: (1) whether the clause contravenes public policy, (2) the inconvenience for the parties in litigating the case in the forum selected, and (3) whether the clause was freely negotiated by the parties. Id. at 15-16; Intercall Telecommunications, Inc. v. Instant Impact, Inc., 376 F. Supp. 2d 155, 159 (D.P.R. 20050 (citing, Miró-González v. Avatar Realty, Inc., 177 F. Supp. 2d 101, 104 (D.P.R. 2001).

Defendant, Chemineer, Inc. (hereinafter Chemineer) moved to dismiss the complaint arguing that the sales representative agreement between the parties included a mandatory forum selection clause. The clause in question provided that "[a]ny action or proceeding by either of the parties against the other arising out of or relating to [the] Agreement... performance or termination thereof... may (and in the case of any such action or proceeding against the Company, may only) be brought in any court located in the City of Dayton, Montgomery County, Ohio...." Docket # 3, Ex. A, ¶ 19.

Plaintiff succinctly opposed. It does not oppose Defendant's argument that the clause is mandatory. It rather argues that P.R. Act 75, a law similar to Act 21, forbids the use of forum selection clauses in sales representative contracts as contrary to public policy, and, Act 21 should be construed in a similar manner. It also argues that if the forum selection clause is enforced it would be in a disadvantageous position.

The Puerto Rico Dealers' Act of 1964, 10 P.R. Laws Ann. §§ 278a-d (herein "Act 75"), provides that:

> Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and

**Civil Case No. 07-1756**                                                                                                          4

> void.

10 P.R. Laws Ann. § 278b-2. Plaintiff argues that

> Act 21 and [Act] 75... are very similar, for they have both been created as a matter of strong local policy. Act 75 determines that forum selection clauses are invalid under said Act.... Even though Act 21 does not expressly exclude the validity of forum selection clauses it is clear, as Act 75 is that all sales representative contracts shall be governed by the laws of Puerto Rico... [and] should be deemed null and void for it contravenes Act 21....

Docket # 6, pp. 2-3.

Plaintiff's arguments fail for many reasons. First, forum selection clauses are enforced as a matter of federal common law. Lambert, 983 F. 2d at 1116. Furthermore, the First Circuit has previously held that "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum selection clauses." Silva, 239 F. 3d at 387. Moreover, Plaintiff's complaint seeks relief under Act 21, which, as opposed to Act 75, does not prescribes the applicability of forum selection clauses. Also, the First Circuit has already held that a forum selection clause in an exclusive distribution agreement pursuant to Act 75, which designated Brazil as the forum to litigate any action under said agreement, was valid and enforceable in a case under Act 75, notwithstanding section 278b-2 of the Act. Royal Bed & Spring Co., Inc. v. Famossul Industria E Comercio De Moveis LTDA. 906 F.2d 45, 49 (1st Cir. 1990); see also, Outek, 206 F. Supp. 2d at 270 (holding that it is unnecessary to consider state policy in enforcing forum selection clauses since public policy is not a significant factor (string citations omitted)); Maxon Eng'g Servs., Inc. v. United Sciences, Inc., 34 F. Supp.2d 97, 100 (D.P.R. 1998)(holding that a transfer due to a forum selection clause was appropriate despite the provision against it in Act 75); Marel Corp. v. ENCAD Inc., 178 F. Supp. 2d 56, 59 (D.P.R. 2001)(holding that Puerto Rico's public policy, as stated in Act 75, cannot avoid transfer of venue); Stereo Gema, Inc. v. Magnadyne Corp., 941 F. Supp. 271, 274-75 (D.P.R. 1996)(discussing with approval the First Circuit's decision in Royal); Caribe BMW, 821 F.Supp. at 820 (rejecting the plaintiffs' contention that enforcement of the forum selection clause regarding its Act 75 claims would violate Puerto

**Civil Case No. 07-1756** 5

Rico public policy).

According to the above cited law, Plaintiff's argument that freely negotiated forum selection clauses cannot be enforced under Puerto Rico's public policy does not hold water. Having the First Circuit rejected this same argument in a case under Act 75, which expressly precludes the use of said clauses, we fail to see how Plaintiff's argument can survive in a case under Act 21, which lacks a similar provision.

Plaintiff's second argument in opposition to Defendants' request for dismissal is that the Court should not enforce the clause because it litigation in Ohio would seriously disadvantage or inconvenience the Plaintiff. However, the "mere fact that a forum may be inconvenient to Plaintiff does not make the clause unreasonable, especially since the possibility of inconvenience was known and contemplated at the time of executing the Agreement." Maxon Eng'g Sers. Inc. V. United Sciences, Inc., 34 F. Supp. 2d 97, 100 (D.P.R. 1998). This is specially true in this case, where Plaintiff renewed the 1995 contract year after year until 2000, all of which included the forum selection clause. See, Docket # 3, Ex. 1, ¶ 6. As such, inconvenience alone will not give permit the Plaintiff to walk away from a freely negotiated contract.

As stated above, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Zapata, 407 U.S. at 10; Shute, 499 U.S. at 591; Silva, 239 F.3d at 385; Outek, 206 F. Supp. 2d 263; Motoren, 821 F. Supp. at 817. As such, a forum selection clause is enforceable unless "enforcement would be unreasonable and unjust or . . . the clause [is] invalid for such reasons as fraud and overreaching." Id. at 15. We find that the clause included in the 2000 contract is valid and, unless unreasonable, must be enforced. However, it is Plaintiff who bears the burden to show that enforcing the clause in this case would be unreasonable. It has failed to do so. To the contrary, Plaintiff rested in conclusory allegations that litigating this case in Ohio would put the Plaintiff in a disadvantageous economic

**Civil No. 07-1756(SEC)** 6
_____

position. However, even if true, such was a fairly foreseeable consequence of the clause which Plaintiff should have contemplated at the time contract was negotiated, either in 1995 or in the years thereafter. Therefore, Plaintiff having failed to meet its burden to show that the forum selection clause is unreasonable, the Court will **DISMISS this case without prejudice.** Plaintiff may re-file this action in Ohio, if he so wishes. Judgment shall be entered accordingly.

       **SO ORDERED.**
In San Juan, Puerto Rico, this $8^h$ day of May, 2008.

                                        S/ *Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        U.S. Senior District Judge